## Case No. 1,804a.

### BRAINARD v. The WORCESTER.

[Betts' Scr. Bk. 536½.]

District Court, D. Connecticut. Aug. Term, 1856.

COLLISION—STEAM AND SAIL — INEVITABLE ACCIDENT—INSUFFICIENT LIGHT—SPEED OF STEAMER.

[1. Inevitable accident, as applied to maritime collisions, is that which cannot be prevented by the exercise of ordinary caution and maritime skill.]

[2. When a collision occurs between a steamer and a sailing vessel, either under way or at anchor, and the latter has observed the prescribed rules of navigation, the steamer is liable, in the absence of satisfactory proof that the collision was caused by an inevitable accident.]

[3. A schooner lying at anchor in the track of vessels from New London to New York, on a dark, foggy night, had a light hung in the larboard forerigging so as to be obscured by the sails from the view of vessels approaching on the starboard side. Held that, such a light being insufficient, the schooner could not recover for injuries inflicted by a steamer bound to New York, which discovered her too late to avoid a collision.]

[4. In all states of the weather, steamers must adopt such rates of speed as will enable them to avoid sailing vessels they may meet, provided the latter adhere to the prescribed rules of navigation; and under such circumstances the rate of the steamer's speed, so far as the sailing vessels are concerned, is not chargeable as negligence.]

[In admiralty. Libel by Erastus Brainard and others, owners of the schooner E. Brainard, against the steamer Worcester. Dismissed.]

Before INGERSOLL, District Judge.

This libel was in favor of the libelants, the owners of the schooner E. Brainard, to recover damages which they sustained in consequence of a collision between the E. Brainard and the steamer Worcester, on the night of the 16th of June, 1855. At the time it occurred, the schooner was lying at anchor, with her foresail, mainsail, and maintopsail up, in the channel way for vessels proceeding from New London to New York, a little over three fourths of a mile from New London light. The steamer was on a voyage from New London to New York. The night was dark and foggy; by the collision the schooner was sunk. At the time of the collision, the steamer was going at from eight to ten miles an hour. The schooner was not discovered in time to prevent a collision.

HELD BY THE COURT: That by the terms "inevitable accident," as applied to maritime collisions, by law is meant, that which the party charged with the offense could not have prevented by the exercise of ordinary caution, care and maritime skill. That by the maritime law, a vessel lying at anchor in a track frequented by other ships, is bound at night to exhibit an efficient light, an effective light, sufficient to warn other vessels approaching to the position to which she is anchored; that the schooner was lying at anchor in such track; that she did not exhibit such efficient light; and that she was guilty of fault and negligence, which contributed to the injury complained of. That a light hung in the larboard forerigging of a vessel at anchor, with her sails up, and so as to be obscured and eclipsed by the sails from the view of a steamer approaching on the starboard side, so far as it respects such steamer so approaching, is no sufficient light within the meaning of the maritime law. That there is no rule of the maritime law, which regulates or prescribes the precise rate of speed which steamers may adopt, either in thick foggy weather, or in clear weather, by night or by day. That steamers in all states of the weather, whether it be thick, dark, or otherwise, must adopt such a rate of speed as will enable them to avoid such sailing vessels as they may meet, provided such sailing vessels adhere to the rules of navigation prescribed for their guidance; and that if they do adopt a rate of speed that will enable them to avoid such sailing vessels, providing such sailing vessels adhere to the rules of navigation prescribed for them, then such rate of speed cannot, so far as such sailing vessels are concerned, be charged as negligence, or as not being warranted by the maritime law. That the speed of the steamer was such that she could and would have avoided the schooner, if the schooner had regarded the nautical rules prescribed for her. That the collision was not occasioned by any unlawful excess of speed in the steamer, but by the neglect of the schooner in not exhibiting a sufficient light, and in not observing the nautical rules prescribed for her; and that the steamer not being guilty of any fault, was not liable for the injury complained of. That when a collision occurs between a steamer and a sailing vessel, either under way or at anchor, and the sailing vessel has observed the nautical rules prescribed for her navigation, that the steamer will be liable for the damage occasioned, unless it satisfactorily proves that the collision was produced by an inevitable accident. Libel dismissed.

BRAINTREE MANUF'G CO. (CARVER v.). See Case No. 2,485.

BRAMALL, The JOHN. See Case No. 7,334.